# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| BELLISSIA SAVAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-6108-CV-SJ-RED-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Bellissia Savage (hereinafter "Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 402 *et seq.* and §§ 1381, *et seq.* Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands

of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

**I.     The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff first argues the ALJ did not properly assess her credibility. The ALJ stated that "[a]fter considering the evidence of record, the undersigned [ALJ] finds that claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." The ALJ went on to note a number of inconsistencies between the medical evidence and Plaintiff's subjective complaints. First, the ALJ noted that Plaintiff alleged severe left knee pain, yet physical exams showed mild medial ligament laxity with significant crepitus but free and full motion, and x-rays revealed no fracture or joint space abnormality. According to Dr. Humphreys, the x-ray of her knee looked "pretty well." The ALJ also noted Plaintiff complained of debilitating migraine headaches, but MRIs of the brain were normal. Finally, the ALJ noted Plaintiff complained of

3

bipolar disorder, but there was no evidence that the condition was significantly disabling. The ALJ cited an examining psychologist's assessment wherein Plaintiff's mood was normal, she did not have difficulty understanding and remembering questions, her thinking was logical and coherent, her memory was intact, she appeared able to understand and remember simple questions and instructions, and she was able to concentrate for short periods of time and socialize appropriately. "ALJs may discount [a] claimant's complaints if there are inconsistencies in the record as a whole, and '[the court] will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so.'" *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010). It must also be noted that Plaintiff actually worked after the alleged disability onset date, which is a valid factor for the ALJ to consider when assessing a claimant's credibility. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) (noting it was not unreasonable for ALJ to discredit a claimant's allegations of disabling pain because the allegations were inconsistent with claimant's performance of part-time work).

It appears from the record that the ALJ properly considered all of the evidence, and the Court finds no error with the ALJ's assessment of Plaintiff's credibility.

**II.     The ALJ Properly Assessed Plaintiff's Severe Impairments**

Plaintiff also argues the ALJ should have considered her carpal tunnel syndrome, bipolar disorder, anxiety and panic disorder, migraine headaches and obesity to be severe impairments.

Regarding Plaintiff's carpal tunnel syndrome, Plaintiff was diagnosed with the syndrome in 2004 by a nurse practitioner after Plaintiff complained of pain and numbness in her forearm. However, the nurse's diagnosis is not sufficient to establish a medically determinable impairment because she is not an acceptable medical source. *See Lacroix v. Barnhart*, 465 F.3d 881, 886 (8th

4

Cir. 2006) (recognizing that nurse practitioners are not "acceptable medical sources"). The ALJ acknowledged Plaintiff's complaints of carpal tunnel, but found Plaintiff's general subjective complaints not credible based on inconsistencies in the record and lack of evidentiary support. Indeed, Plaintiff has not shown how the carpal tunnel syndrome impacted her ability to work, nor pointed to any clinical findings indicating it affected her ability to work. The record shows that in March 2005, Plaintiff stated she "has never had an EMG or been told she should have surgery" to fix the alleged carpal tunnel, and that she "wears a brace on her right hand" which "has always worked well" for her. Such inconsistencies between the medical record and Plaintiff's subjective complaints are grounds for discrediting the subjective complaints. Likewise, the fact that wearing a brace "worked well" for Plaintiff's carpal tunnel tends to indicate the impairment is not disabling. *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability").

Plaintiff also alleges the ALJ failed to discuss her migraine headaches, bipolar disorder and anxiety. However, the record reflects that the ALJ specifically discussed each of these issues. The record indicates that even her most severe headache was resolved with a headache shot, which indicates the condition was controllable with treatment. *See id.* There is no evidence other than Plaintiff's subjective complaints that the headaches impacted Plaintiff's ability to perform work, and the Court has already found the ALJ did not err in finding Plaintiff's subjective complaints not entirely credible. Regarding Plaintiff's bipolar disorder and anxiety, by 2007 Plaintiff's doctor described her as "happy and relaxed" while receiving treatment, and Plaintiff specifically "denie[d] any ... racing thoughts or severe mood swings." Given Plaintiff admitted to her doctor that these disorders were better with treatment, it was not improper for the ALJ to discredit her subjective

5

complaints and the limited medical evidence indicating Plaintiff suffered from these impairments. *See Davidson*, 578 F.3d at 846.

Finally, Plaintiff argues her obesity should have been included among her severe impairments. Plaintiff cites evidence that she was obese, but nothing indicating her obesity had any affect on her residual functional capacity. The fact that Plaintiff is obese does not automatically mean there are limitations from the obesity. *See Forte v. Barnhart*, 377 F.3d 892, 896-97 (8th Cir. 2004) (finding ALJ's failure to discuss obesity as an impairment is not fatal where doctor repeatedly reported claimant was obese but no doctors suggested the obesity imposed any work-related limitations).

The Court finds no error with the ALJ's assessments of Plaintiff's impairments.

### III.     The ALJ Properly Assessed and Considered the Relevant Medical Sources' Opinions

Plaintiff next complains the ALJ improperly discounted or failed to discuss the opinions of Dr. Arjumand Jaffri, Leslie Johnson, M.S., L.P.C., Cindy Weeks, C.S.W., and Peggi Riche, F.N.P.

Dr. Jaffri was Plaintiff's psychiatrist. The ALJ considered Dr. Jaffri's assessments, but stated she could not give the doctor's opinion great weight because it cited no signs, findings, or reports of examination, and because it was not based on the underlying treatment notes. Though Dr. Jaffri stated in an April 2007 report that Plaintiff had marked limitations in functioning in a number of critical areas, his treatment notes consistently described Plaintiffs as doing well when taking her medication. Dr. Jaffri's treatment notes even indicated Plaintiff was "happy & relaxed" and was not experiencing racing thoughts or severe mood swings in 2007, around the same time he completed his medical source statement indicating Plaintiff had marked limitations. Given these inconsistencies, the ALJ was not required to assign controlling weight to Dr. Jaffri's opinion.

6

*Choate v. Barnhart*, 457 F.3d 865, 871 (8th Cir. 2006) ("Given the inconsistencies between Dr. Trone's letter and medical source statement, ... the ALJ did not err in discounting Dr. Trone's opinion").

Regarding Ms. Weeks and Ms. Johnson, both were counselors who completed medical source statements suggesting limitations similar to Dr. Jaffri's. It should be noted that neither of the counselors are "acceptable medical sources," and their opinions are therefore afforded less weight. *See Trimble v. Astrue*, No. 08-3376-CV-GAF-SSA, 2009 WL 3247311, at *3 (W.D. Mo. Oct. 6, 2009) (recognizing that a mental health counselor is not an "acceptable medical source," and therefore her assessment cannot be afforded controlling weight). The ALJ rejected Ms. Weeks's opinion because she and Dr. Jaffri worked together and their opinions were similar--in other words, her opinion, like Dr. Jaffri's, was also not supported by the medical evidence. Similarly, Ms. Johnson's opinions are inconsistent with Plaintiff's course of treatment. Ms. Johnson's treatment notes often indicated Plaintiff's mood, affect and speech were normal, and that her anxiety and stress were "much decreased" or "lessened." Such inconsistencies support the ALJ's conclusion to not afford these counselors' opinions great weight.

Finally, Plaintiff argues the ALJ erred by failing to state what weight was given to nurse Riche's opinions. As the Court has already noted, nurse Riche was not an acceptable medical source, and therefore her opinion is not entitled to controlling weight. *Trimble*, 2009 WL 3247311, at *3. Nevertheless, the ALJ cited nurse Riche's opinion, and appeared to give it some weight by contrasting it with the other medical opinions.

After review, the Court finds no error with the ALJ's assessment of the treating medical sources.

**IV.    The ALJ Properly Determined Plaintiff's Residual Functional Capacity**

Finally, Plaintiff argues the ALJ failed to provide sufficient support for the assigned RFC. The ALJ found Plaintiff could sit or stand for 6 hours in an 8-hour workday; cannot climb ladders, ropes, or scaffolds; cannot kneel, crouch or crawl; can only occasionally climb stairs and ramps, and occasionally balance and stoop; cannot be exposed to fumes, odors, dust or hazards; can never be required to understand, remember or carry out detailed instructions; is limited to only simple, routine, repetitive work; and can have only incidental contact with the public.  Based on this assessment, the ALJ concluded Plaintiff could perform work such as small parts assembler, production worker, inserting machine operator, and administrative support worker.

While Plaintiff argues the ALJ erred by failing to account for certain alleged limitations and the opinions of various treating sources in the RFC, the ALJ need only include in the RFC those limitations which she finds credible.  *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003) ("The ALJ properly limited his RFC determination to only the impairments and limitations he found to be credible based on his evaluation of the entire record").  The Court has already found the ALJ did not err in giving lesser weight to the opinions of the medical sources which Plaintiff references because they were inconsistent with the evidence of record.  Similarly, the Court already found the ALJ properly assessed Plaintiff's credibility in light of the evidence of record regarding Plaintiff's bipolar disorder, anxiety, carpal tunnel, and obesity.  The RFC reflects the limitations which the ALJ found credible.

Plaintiff also argues the ALJ failed to provide a sufficient narrative statement to support the RFC.  However, the ALJ need not provide each limitation in the RFC immediately followed by a list of the specific evidence supporting that limitation.  *See Hayes v. Astrue*, No. 09-00590-CV-W-

RED, 2010 WL 2682408, at *3 (W.D. Mo. July 2, 2010). The Court finds the ALJ provided a sufficient link between the evidence of record and the RFC.

After review, the Court finds the ALJ's RFC is based upon substantial evidence of record.

## **CONCLUSION**

For the reasons cited herein, the decision of the Administrative Law Judge is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: September 9, 2010   /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT